UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMIR KHOURI,

Plaintiff,

v.

TRANS UNION LLC, et al.,

Defendants.

Case No. 26-cv-01567-WHO

**ORDER GRANTING DEFENDANT NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS**

Re: Dkt. No. 55

Plaintiff Amir Khouri brings this action against defendants Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Innovis Data Solutions, Inc. ("Innovis"), and Navy Federal Credit Union ("Navy Federal") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* Defendant Navy Federal has moved to dismiss the First Amended Complaint ("FAC") [Dkt. No. 28] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Navy Federal accurately reported Khouri's debt and was not materially misleading. Its motion to dismiss is GRANTED with prejudice.

## BACKGROUND

In March 2025, Khouri found a vehicle for sale on Facebook Marketplace by a dealership, "Auto Sales Palm Beach LLC". FAC ¶ 40. He had been pre-approved by Navy Federal for a loan to purchase a car and submitted to Navy Federal all of the paperwork required to verify the

[1] All remaining defendants have answered the complaint. *See* Dkt Nos. 37-40.

United States District Court
Northern District of California

legitimacy of the dealership. *Id.* ¶¶ 41-42. It determined that the dealership was legitimate and approved the transaction. *Id.* ¶ 43. It then wired $28,000 directly to the dealership. *Id.* ¶ 44.

Khouri never received the vehicle and was unable to contact the dealership. *Id.* He informed Navy Federal that he suspected the transaction was fraudulent. *Id.* He believes that Navy Federal "investigated the issue and determined that the transaction and dealership was in fact fraudulent." *Id.* ¶ 49. He says that Navy Federal told him that he would not be responsible for the money because of the fraud. *Id.* ¶ 50.

Navy Federal is a "'furnisher' as defined in 12 CFR 1022.41" and "regularly furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in the report." *Id.* ¶ 19. It has reported the loan as having a past due balance of $28,000. *Id.* ¶ 51.

After Navy Federal's report, Khouri "made a police report, a FTC Identity Theft Report and proceeded to freeze his credit reports with defendant credit reporting agencies Trans Union, Equifax, Experian, and Innovis." *Id.* ¶ 52. He sent dispute letters to the credit agencies, contesting Navy Federal's reporting because of the circumstances of the fraud. *Id.* ¶¶ 54-57. These dispute letters were then forwarded to Navy Federal. *Id.* ¶ 58. It "fail[ed] to conduct a reasonable investigation with respect to the disputed information, fail[ed] to review all relevant information available to it, and fail[ed] to recognize that the disputed NFCU Account was the product of fraud." *Id.* ¶ 84. Navy Federal and the defendant credit reporting agencies have "continued to saddle Plaintiff with an open credit account that was the product of fraud." *Id.* ¶¶ 94-97.

Khouri brings five causes of action under state and federal law: (1) Violation of the FCRA against Equifax, Experian, Trans Union, and Innovis; (2) Violation of the FCRA against Navy Federal; (3) Violation of the CCRAA against Navy Federal; (4) Violation of the CCRAA against Equifax, Experian, Trans Union, and Innovis; and (5) Violation of RFDCPA against Navy Federal. Khouri seeks actual, statutory, and punitive damages, equitable relief, and attorneys' fees and costs.

On July 1, 2026, Navy Federal moved to dismiss the FAC for failure to state a claim. Motion to Dismiss ("Mot.") [Dkt. No. 55]. Khouri opposed. Opposition to Motion to Dismiss

United States District Court
Northern District of California

("Oppo.") [Dkt. No. 56]. Navy Federal replied. Reply ISO Motion to Dismiss ("Reply") [Dkt. No. 57]. I held oral argument on August 12, 2026.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**I. FCRA Claim**

The crux of the dispute under the FCRA is whether Khouri has sufficiently alleged that it was inaccurate or at least materially misleading for Navy Federal not to report that Khouri was disputing the loan based on fraud to the credit agencies. Navy Federal argues that there is no inaccurate or misleading information in what it reported to the credit agencies because Khouri does have an outstanding debt and a continuing obligation to pay it back. Mot. at 11. Khouri contends that Navy Federal's communications with the credit agencies "falsely conveyed ordinary borrower default" when there were relevant circumstances of fraud. Oppo. at 8.

The FCRA contains an explicit private right of action for some—but not all—of its

provisions addressing the duties of a furnisher. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). In bringing the FCRA claim, Khouri specifically invokes the private right of action for the provision governing the duties of a furnisher upon receiving a notice of dispute from a credit agency. *Id.* The provision states:

> **(b) Duties of furnishers of information upon notice of dispute**
>
> **1. In general**
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> A. conduct an investigation with respect to the disputed information;
> B. review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> C. report the results of the investigation to the consumer reporting agency;
> D. if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> E. if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>    i. modify that item of information;
>    ii. delete that item of information; or
>    iii. permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). The "FCRA will sometimes require furnishers to investigate, and even to highlight or resolve, questions of legal significance," along with questions of fact. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022).

"[T]o prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate." *Id.* at 1251. Inaccuracy may include a failure to inform the credit agencies that the transaction was disputed if it was "a bona fide dispute, a dispute that could materially alter how the reported debt is understood." *Gorman*, 584 F.3d at 1163. While there is no private right of action under the FCRA to challenge the initial submission of the information by the furnisher to the credit agency, the private right of action identified above

United States District Court
Northern District of California

applies once the credit agency has reported the dispute to the furnisher and the furnisher "continue[s] [to] report[] a disputed debt without any notation of the dispute." *Id.* at 1162. "A disputed credit file that lacks a notation of dispute may well be 'incomplete or inaccurate' within the meaning of the FCRA." *Id.* at 1164.

Khouri alleges that Navy Federal violated the FCRA because it: (i) did not conduct the investigation required by section 1681s-2(b) once the credit agencies reported to Navy Federal that the account was disputed and (ii) continued to report that the loan was past due to the credit agencies without acknowledging the fraud that had occurred. FAC ¶¶ 85-86. He cites several cases in support of his assertion that these allegations are sufficient to show inaccuracy under FCRA. All are distinguishable.

First, Khouri relies the Ninth Circuit's decision in *Gross,* which found that a furnisher's reports were inaccurate where an Arizona statute "abolished the [plaintiff's] liability for the debt" that was reported. 33 F.4th at 1252. The court in *Gross* determined that, since the plaintiff was "no longer obligated to repay the debt," it was misleading for the furnisher to be reporting "late payments, accruing interest, and an outstanding balance." *Id.* But Khouri has identified no law or statute that relieves him of the obligation to pay the debt. Although he suggests that Navy Federal told him initially that he would not be responsible for the debt, he does not identify any legal basis for this.

Second, Khouri points to the Central District's decision in *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836 (C.D. Cal. 2022). In *Miller*, the court determined that "Defendant did not accurately report the results of its purported investigation of Plaintiff's account because it reported that it had verified the account as belonging to Plaintiff without an investigation and after the dispute was escalated to the legal department as potentially meritorious." *Id.* at 853. Crucially, the plaintiff was disputing the entire transaction with the furnisher as fraudulent. *See id.* at 852 ("The Court notes at the outset that Plaintiff . . . never bought a Ford Fusion, never applied for financing to purchase a Ford Fusion, and never authorized anyone to apply for such financing in her name."). Khouri does not allege that someone fraudulently obtained a loan on his behalf. He acknowledges that he requested the original loan and directed Navy Federal to make the loan

payment on his behalf. The fraud is that he did not receive the car from the dealer he had asked Navy Federal to pay. Khouri does not identify any facts or law suggesting that this fraud, as awful as it was, relieves him of his obligation to pay the loan back.

Khouri's final case on this point, *Drew v. Equifax Info. Servs., LLC*, similarly concerned a plaintiff whose identity had been stolen. 690 F.3d 1100 (9th Cir. 2012). The plaintiff alleged that the defendant had violated the FCRA by "reporting the fraudulently opened account as a lost or stolen account *belonging to* [the plaintiff]," even though the plaintiff claimed to have never sought to open this account. *Id.* at 1108. The court found that this raised a question of fact whether this representation was "untrue or facially inaccurate." *Id.* That is not a question here: the account *did* belong to Khouri, and it was the person to whom payment was made that was fraudulent. Again, Khouri does not explain how this relieves him of the burden to repay the loan.

As Khouri has not shown that Navy Federal's reporting was inaccurate or materially misleading, his claim must be dismissed. And as a result, the question of whether the investigation conducted by Navy Federal was reasonable is immaterial.

## II. CCRAA Claim

California Civil Code section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Unlike the federal law, an individual has a private right of action to enforce this provision to hold a furnisher accountable for not affirmatively providing the information about the dispute to the credit agencies if that was required. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010).

Both parties agree that the same allegations underlie the alleged inaccuracy of Navy Federal's reporting under the FCRA and the CCRAA. Oppo. at 11-12; Reply at 5. The claim fails for the same reason as the FCRA claim above, Khouri did not plead that Navy Federal made an inaccurate or incomplete statement in its reporting to the credit agencies.

**III. RFDCPA Claims**

**A. Preemption**

Navy Federal argues that Khouri's RFDCPA claims are preempted by the FCRA because "all of Plaintiff's RFDCPA allegations also must relate directly to alleged credit reporting conduct . . . ." Mot. at 14. "Under the FCRA, '[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies'" *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1233 (C.D. Cal. 2007) (quoting 15 U.S.C. § 1681t(b)(1)(F)(ii)).

Khouri "does not dispute that FCRA preemption may bar a state-law claim that merely repackages a furnisher's alleged failure to investigate or correct credit reporting." Oppo. at 12. He asserts, however, that his claim relates to "collection conduct and coercion to pay," not Navy Federal's reporting to the credit agencies. *Id.* He contends that "[t]he Rosenthal claim alleges that Navy Federal collected or attempted to collect a consumer debt through false, deceptive, unfair, and misleading means, including false representations about the character, amount, and legal status of the debt, communicating credit information known or that should have been known to be false, and attempting to collect amounts not permitted by law." *Id.*

The majority of the alleged conduct seems to fall squarely within the credit furnishing category because it involves providing information about the debt that is alleged to be false. I agree with Navy Federal that *Nelson*, while not binding precedent, is instructive. There, the plaintiff alleged violations of the RFDCPA because defendant had "fail[ed] to properly investigate the disputed Account, and (2) re-report[ed] the Account to Equifax knowing it was false." 522 F. Supp. 2d at 1233. The court determined that the FCRA preempted these claims because it was clear that the subject matter "form[ing] the basis" for the claims was regulated by the FCRA. Similarly, here, the bulk of the allegations concern Navy Federal's allegedly misleading representations about the loan to the credit agencies. To the extent that the RFDCPA is based on this conduct, it is preempted by FCRA.

United States District Court
Northern District of California

**B. Failure to State a Claim**

Even for alleged conduct that would fall outside the subject matter of the FCRA, this claim is still subject to dismissal. The RFDCPA prohibits conduct that fails to comply with provisions . . . Sections 1692b to 1692j [of the Fair Debt Collection Practices Act].” Cal. Civ. Code § 1788.17. This includes “any false, deceptive, or misleading representation or means in connection with the collection of any debt,” 15 U.S.C. § 1692e, and “unfair or unconscionable means to collect or attempt to collect any debt,” 15 U.S.C. § 1692f.

The allegations related to debt collection efforts outside of Navy Federal’s communications with the credit agencies are non-specific and conclusory. Many of the allegations around the debt collection appear to simply be restatements of the cause of action, which is insufficient under the pleading standard in *Iqbal* and *Twombly*. *See* FAC ¶ 120 (“Defendant . . . us[ed] false, deceptive, or misleading representations or means in connection with the collection of any debt.. . . . Defendant us[ed] unfair or unconscionable means to collect or attempt to collect any debt.”)

Recognizing that Navy Federal’s “strongest Rosenthal argument is that [the RFDCPA claim] is pleaded generally,” Khouri requests leave to amend the complaint if the court determines the allegations are insufficient. Oppo. at 14. Specifically, Khouri seeks to add facts that “Navy Federal sent Plaintiff multiple ‘Consumer Loan Bill’ statements identifying the loan as past due, assessing late fees, listing escalating ‘Payment Due’ and ‘Total" amounts.” *Id.* Given that Khouri remains liable for repayment of the loan, it is hard to see how sending loan bills and assessing late fees is coercive, deceptive, or unfair behavior. The suggested amendment is futile.

**CONCLUSION**

Accordingly, Navy Federal’s motion to dismiss is GRANTED. Counts Two, Three, and Five against Navy Federal are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: September 8, 2026

William H. Orrick
United States District Judge